```
___ FILED          ___ RECEIVED
___ ENTERED        ___ SERVED ON
              COUNSEL/PARTIES OF RECORD

         SEP - 6 2013

       CLERK US DISTRICT COURT
        DISTRICT OF NEVADA
BY: _____ DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

IN RE:

NATALIE SMITH,

Case No.: 3-13-cv-476-RCJ

**ORDER FOR CIVIL CONTEMPT**

The court having observed contempt or contemptuous conduct in the Judge's own presence, which conduct consisted of violation of the Courts existing orders prohibiting pictures or cameras in the courtroom and the actual taking of pictures of the Judge, Jurors and parties, the Court having given immediate notice and opportunity to explain the conduct, the Court herein enters judgment for civil contempt in the Courts presence, as more fully explained in the transcript attached;

Pursuant to LR IA 9-1(c):

> Cameras, recording, reproducing and transmitting equipment, which are not part of a wireless communication device as defined in (b) above, are prohibited in all United States Courthouses in this District unless otherwise authorized. Cameras, recording, reproducing and transmitting equipment, which are part of a wireless communication device, shall not be used in any courtroom or hearing room without the express approval of the presiding judge or officer. Failure to abide by this Rule may result in the forfeiture of any such device.

IT IS HEREBY ORDERED that the telephone used by the above person in taking pictures of the Judge, Jury and parties during a trial proceeding and in violation of existing court orders, such telephone and camera is hereby forfeited to the United States.

IT IS SO ORDERED.

DATED: This 6th day of September, 2013.

_____
ROBERT C. JONES
United States District Judge

```
 1                   UNITED STATES DISTRICT COURT
                          DISTRICT OF NEVADA
 2         BEFORE THE HONORABLE ROBERT C. JONES, CHIEF DISTRICT JUDGE
                             ---oOo---
 3
                                          contempt case
 4   DONALD YORK EVANS, et al.,    :       3-13-cv-476-RCJ
                                   :
 5              Plaintiffs,        :   No. 3:08-CV-353-RCJ-VPC
                                   :
 6         -vs-                    :   August 27, 2013
                                   :
 7   HOWARD SKOLNIK, et al.,       :   Reno, Nevada
                                   :
 8              Defendants.        :
                                   :
 9   _____

10

11              TRANSCRIPT OF CONTEMPT PROCEEDINGS

12

13   APPEARANCES:

14   FOR THE PLAINTIFFS:       CAL J. POTTER, III, and
                               TRAVIS N. BARRICK
15                             Attorneys at Law
                               Las Vegas, Nevada
16

17   FOR THE DEFENDANTS:       KAITLYN MILLER and KELLY S. WERTH
                               Deputies Attorney General
18                             Carson City, Nevada

19

20

21   Reported by:              Margaret E. Griener, CCR #3, RDR
                               Official Reporter
22                             400 South Virginia Street
                               Reno, Nevada 89501
23                             (775)329-9980

24

25
```

Stamp: FILED / ENTERED / RECEIVED / SERVED ON COUNSEL/PARTIES OF RECORD   SEP - 6 2013   CLERK US DISTRICT COURT DISTRICT OF NEVADA   BY: _____ DEPUTY

2

1        RENO, NEVADA, TUESDAY, AUGUST 27, 2013, 10:40 A.M.
2                              ---oOo---
3
4                (The jury is not present.)
5                THE COURT:  I've asked the court security
6    officer to ask the gentle lady, please, to be brought back
7    into the courtroom, please.
8                Would you approach, ma'am?  Come up.
9                The court security officer tells me that you were
10   taking picture in the courtroom, ma'am?
11               MS. SMITH:  And I deleted them.
12               THE COURT:  There is a court order, ma'am, that
13   prohibits anybody except -- upon exception, of course, I allow
14   attorneys to have their cell phones and electronic devices,
15   but nobody else.  There's a court order in existence that bars
16   people from using cell phones or recording or operating them
17   in court in session.
18               But you took pictures.  Who did you take picture of,
19   ma'am?
20               MS. SMITH:  The plaintiffs, the defendants, just
21   the courtroom.
22               THE COURT:  All right.
23               MS. SMITH:  I deleted them all.
24               THE COURT:  Is there a reason why as a contempt
25   sanction I should not take the telephone, ma'am?

3

| | |
|---|---|
| 1 | MS. SMITH: All I can say is I didn't know. |
| 2 | THE COURT: Okay. |
| 3 | MS. SMITH: I apologize. It won't happen again. |
| 4 | THE COURT: Thank you for the apology. |
| 5 | Where is the telephone? |
| 6 | MS. SMITH: In my purse. |
| 7 | THE COURT: Hand it to Madam Clerk, please. |
| 8 | Thank you so much. |
| 9 | And your name for the record? |
| 10 | MS. SMITH: Natalie Smith. |
| 11 | THE COURT: Okay. And your connection to this |
| 12 | case? |
| 13 | MS. SMITH: I'm friends with John Witherow. |
| 14 | THE COURT: Okay. And as a sanction for |
| 15 | contempt, ma'am, I'm taking the telephone. You will forfeit |
| 16 | it, and it is for sanction for contempt in my presence. |
| 17 | Thank you. |
| 18 | MS. SMITH: Okay. |
| 19 | (A recess was taken.) |
| 20 | -o0o- |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

4

1        RENO, NEVADA, WEDNESDAY, AUGUST 28, 2013, 9:08 A.M.

2                              ---o0o---

3

4                    (The jury is not present.)

5            THE COURT:  Thank you.  Please be seated.

6        Appearances of counsel, please.

7            MR. POTTER:  Cal Potter and Travis Barrick on

8   behalf of Mr. John Witherow who is also present, your Honor.

9            THE COURT:  Thank you.

10           MS. MILLER:  Kaitlyn Miller and Kelly Werth on

11  behalf of Ingrid Connally and Lea Baker who are present.

12           THE COURT:  Thank you.

13       I have to deal with a little side matter.

14       As all of you, at least counsel know, there is a

15  general order that's been in existence for quite some time

16  that prohibits people, anybody, coming in, coming into the

17  courtroom and operating cell phones, taking pictures or making

18  recordings.  There's an obvious security reason for that

19  long-standing rule.

20       Yesterday I had to deal with a friend of

21  Mr. Witherow, apparently, who was taking pictures both the

22  prior day and yesterday, and, of course, it raises an obvious

23  concern that the pictures may be of the jury, the judge or

24  staff, and may even be part of an attempt to intimidate the

25  same.

5

1    It was for that reason that I had to take immediate
2 contempt sanction action against the gentle lady who
3 consequently I had to forfeit her phone because she had, in
4 fact, taken such pictures.
5    Now, it was brought to my attention this morning
6 that Mr. Witherow attempted to bring a tape recorder into the
7 proceedings.  I don't know for what purpose, and I really
8 don't want to get into it or know for what purpose.
9    But I take the occasion just briefly to remind
10 Mr. Witherow that doing so would be a contempt and would face
11 a sanction of more than simply removal or forfeiture of the
12 device, it would face a jailing sanction.  So I want
13 Mr. Witherow to understand that.
14    There's a reason for that order, sir.  We have a
15 court reporter, official court reporter, who works for all of
16 the judges.  Her transcript is the official transcript, and if
17 counsel want to disagree with the transcript, they know how to
18 do that.
19    I can't permit recording of jurors' voices, my
20 voice, the witnesses' voices, nor can I allow pictures,
21 especially in the courtroom, of the jury or judge or staff or
22 opposing counsel.
23    That's the reason for the rule, sir, and the purpose
24 for just taking a few minutes is to warn you that there are
25 serious contempt sanctions, including jailing.

MARGARET E. GRIENER, RDR, CCR NO. 3, OFFICIAL REPORTER
(775) 329-9980

1    So hopefully that's enough and that will resolve the
2    issue.
3         MR. POTTER:  Your Honor, if I could just -- he
4    wasn't recording any proceedings.
5         THE COURT:  Good.
6         MR. POTTER:  I talked with the marshals or the
7    people downstairs this morning when I came in, they had
8    already been before me.
9         It dealt with the tapes that Ginger Howard had
10   talked about, and it was just in trying to inform us for what
11   it was.
12        THE COURT:  Terrific.
13        MR. POTTER:  I've explained the discovery issues
14   that were involved.  Mr. Evans' office has been closed for a
15   number of years --
16        THE COURT:  Okay.
17        MR. POTTER:  -- and they finally came with some
18   of that discovery that had been sought at one point in time,
19   and I explained we can't bring it in.  But there was no
20   recording of any proceedings.
21        THE COURT:  Right.  Now, counsel know that
22   clearly you're exempt.  You are authorized to bring in and
23   operate, hopefully in the silent mode, cell phones or
24   communication devices or iPads because counsel are subject to
25   the ethical standards and rules.

7

1     You know the reason for the long-standing rule, and
2 you know when it's appropriate to exercise your right for
3 exemption.  So I want to make that clear as well.  Okay.
4     MR. POTTER:  All right.  That's fine.  Thank
5 you, your Honor.
6                         -o0o-

8     I certify that the foregoing is a correct
      transcript from the record of proceedings
9     in the above-entitled matter.

10    /s/Margaret E. Griener          09/05/2013
      Margaret E. Griener, CCR #3, RDR
11    Official Reporter