# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

*In re* Natalie Smith

3:13-cv-00476-RCJ

**ORDER**

This case arises from Natalie Smith's use of a cellular device to take pictures in a federal courtroom during court proceedings. On August 27, 2013, Smith was present in the courtroom observing a trial to which her friend was a party. (Tr. 3:11–13, ECF No. 6). Smith was seen taking pictures of the parties and the courtroom with the camera feature of her cellular phone. She was approached by a court security officer who informed her that taking pictures or recordings during court proceedings violates local rules. The security officer informed the Court of Smith's conduct.

The Court held a brief contempt hearing during which Smith was asked whether she had taken pictures in the courtroom. She answered in the affirmative, indicating that she had photographed the plaintiffs, the defendants, and the courtroom. (*Id.* at 2:9–22). The Court further informed Smith of the standing court order prohibiting people from "using cell phones or recording or operating them in court in session." (*Id.* at 2:15–17). When asked why the Court should not confiscate the phone as a contempt sanction, Smith answered that she had been unaware of the rule and that she had deleted the photographs. (*Id.* at 2:24–3:3). As a precautionary measure, however, and in order to preserve the integrity of the trial as well as for

the safety of the Judge and Jury, the Court found Smith in contempt and asked her to turn her phone over to the courtroom administrator. (*Id.* at 3:14–18).

On September 6, 2013, the Court issued a formal order finding that Smith had engaged in contemptuous conduct by violating the Court's existing order that barred pictures or cameras in the courtroom and the actual taking of pictures of parties. (Sept. 6, 2013 Order, ECF No. 3). The Court recited LR IA 9-1(c), which states in relevant part:

> Cameras, recording, reproducing and transmitting equipment, which are part of a wireless communication device, shall not be used in any courtroom or hearing room without the express approval of the presiding judge or officer. Failure to abide by this Rule may result in the forfeiture of any such device.

Finding that Smith had clearly violated this standing order by taking pictures of the parties during the proceedings, the Court ordered that the cellular phone used to take the photographs be permanently forfeited to the United States. (*Id.*).

On September 16, 2013, Smith filed an Objection to the Court's contempt order. In her Objection, Smith argued that she was provided no notice that using her cellular device to take photographs in the courtroom was prohibited. (Objection 1, ECF No. 6). She further argued that the Court's factual findings were inaccurate because Smith claimed that she did not take pictures of the Judge or the Jury, and the photographs were not taken in the Judge's presence. (*Id.* at 2 (referencing portions of the Sept. 6, 2013 Order stating that the contemptuous conduct was performed "in the Judge's own presence" and that Smith took pictures of the Judge and Jurors)). Smith's final argument was that she was treated differently than other similarly situated people who she believed also used cellular devices in the courtroom. (*Id.* at 2–3). In sum, Smith contended that the contempt order "denied and deprived her due process, equal protection and trial rights" by confiscating her cell phone. (*Id.* at 3).

Before the Court could rule on the Objection, on October 4, 2013, Smith filed an appeal to the Ninth Circuit Court of Appeals. On December 12, 2014, the Ninth Circuit remanded the appeal to this Court for the limited purpose of determining whether Smith's filing on September 16, 2013 "is a motion listed in Federal Rule of Appellate Procedure 4(a)4, and if so, [the Court's] resolution of the motion." (9th Cir. Order 1–2, ECF No. 13). This Order therefore addresses these two issues.

Federal Rule of Appellate Procedure 4(a)(4) states:

> If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> (i) for judgment under Rule 50(b);
> (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;
> (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
> (iv) to alter or amend the judgment under Rule 59;
> (v) for a new trial under Rule 59; or
> (vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

The Court finds that Smith's Objection may be characterized as a motion for relief under Rule 60(b), which is commonly referred to as a motion for reconsideration. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (explaining that "[a] motion for reconsideration . . . may be brought under Rule 60(b)"). Indeed, Rule 60(b) provides a procedural mechanism whereby a party may seek relief "from a final judgment, order, or proceeding." Smith's Objection clearly seeks relief from the Court's September 6, 2013 contempt order, and it was filed within twenty-eight days from when the order was entered. Accordingly, it properly falls under the purview of Federal Rule of Appellate Procedure 4(a)(4)(vi).

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).  Reconsideration is appropriate "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)); *see also* Fed. R. Civ. P. 60(b).

None of these potential grounds for relief is applicable here.  Although Smith may have initially been unaware of the standing court order prohibiting the use of cellular devices in the courtroom, she acknowledges that she was informed of the rule by a security officer when she sent a text message during the proceedings. (*See* Smith Decl. ¶ 3, ECF No. 6).  It was after this warning when she took the photographs that ultimately led to the contempt order.  Thus, Smith cannot claim surprise or excusable neglect.

Smith does not present any newly discovered evidence, nor has there been any fraud, void judgment, or the satisfaction or discharge of a judgment; these grounds do not apply here. Smith may argue that extraordinary circumstances justify the Court's reversal of its prior order. The Court does not agree.  Smith may claim to have taken only a limited number of photographs and she may also claim to have deleted them all.  Nevertheless, as precaution to the parties, the jurors, the Court's staff, and the Court itself, a forfeiture of the cellular device remains the appropriate sanction for Smith's conduct.

Moreover, it sets an important precedent going forward for future courtroom observers. The prohibition of photographs and the use of recording devices in the courtroom serves an

important function.  Besides the safety concerns identified above, the standing order protects the integrity of the proceedings.  The courtroom reporter is tasked with creating the official transcript of what occurred before the Judge or Jury during any particular trial, hearing, or other proceeding.  The presence and use of recording equipment, even if done without guile, could seriously jeopardize this process.  The Court, therefore, will not reverse its prior Order.

## CONCLUSION

IT IS HEREBY ORDERED that Smith's Objection (ECF No. 6) is DENIED.

IT IS SO ORDERED.

Dated: May 12, 2015

_____
ROBERT C. JONES
United States District Judge